**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANGELINA OKWUEGO, | |
| *Plaintiff*, | Civil Action No. 22-03635 |
| v. | **OPINION & ORDER** |
| PAULO CORREIA, | |
| *Defendant.* | |

**John Michael Vazquez, U.S.D.J.**

*Pro se* Plaintiff Angelina Okwuego seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1; D.E. 1-1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* and **DISMISSES** her Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes her inability to pay, D.E. 1-1, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section

1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply

the same standard of review as that for dismissing a complaint under Federal Rule of Civil

Procedure 12(b)(6).  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).  For a complaint

to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim

that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.

v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Id.*  Further, a plaintiff must "allege sufficient facts to raise a

reasonable expectation that discovery will uncover proof of her claims."  *Connelly v. Lane Constr.

Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).  In evaluating the sufficiency of a complaint, district

courts must separate the factual and legal elements.  *Fowler*, 578 F.3d at 210-211 (3d Cir. 2009).

A court "must accept all of the complaint's well-pleaded facts as true."  *Id.* at 210.  However,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice" to state a plausible claim.  *Feingold v. Graff*, 516 F. App'x 223, 226

(3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

In evaluating the sufficiency of a complaint, a district court must accept all factual

allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  A court, however, is "not

compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions

disguised as factual allegations."  *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).  If,

after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no

relief could be granted under any set of facts consistent with the allegations, a court may dismiss

2

the complaint for failure to state a claim.  *DeFazio v. Leading Edge Recovery Sols.*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'"  *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff seeks to bring claims against Paulo Correia, Director of the Newark office of U.S. Citizenship and Immigration Services ("USCIS"), in his official capacity.  D.E. 1 at 2.  Plaintiff indicates that she is bringing a claim under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971)—commonly referred to as a *Bivens* claim—but fails to specify which constitutional violations her *Bivens* claim arises out of.  *See id.* at 3-4.  Plaintiff also indicates that she is suing under 42 U.S.C. § 1983 ("Section 1983") for violations of her Fifth, Eighth, and Fourteenth Amendment rights.  Construing Plaintiff's pleading liberally, the Court interprets the Complaint as bringing both a *Bivens* claim and a Section 1983 claim for alleged violations of the Fifth, Eighth, and Fourteenth Amendments.

A Section 1983 claim "allege[s] a violation of a right secured by the Constitution or laws of the United States committed by a person acting under color of *state* law," such as state officials. *Mikhaeil v. Santos*, 646 F. App'x 158, 161-62 (3d Cir. 2016) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)) (emphasis added).  In *Bivens*, the Supreme Court similarly recognized that "an implied private action for damages against *federal* officers alleged to have violated a citizen's constitutional rights" exists.  *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (emphasis added) (citing *Bivens*, 403 U.S. at 397).  Hence, a *Bivens* action is essentially a "federal analog"

3

to suits brought against state officials under Section 1983.  *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009).

There is another difference between a Section 1983 claim and a Bivens action: Section 1983 covers a broader range of constitutional violations.  *Id.* at 676.  A Section 1983 claim protects against "the deprivation of *any* rights, privileges, or immunities secured by the Constitution[.]"  42 U.S.C. § 1983 (emphasis added).  In contrast, the Supreme Court has only approved a *Bivens* action in three contexts: (1) a violation of Fourth Amendment search and seizure protections, *Bivens*, 403 U.S. at 397; (2) a violation of Fifth Amendment due process protections (against gender discrimination), *Davis v. Passman*, 442 U.S. 228, 248-49 (1979); and (3) a violation of Eighth Amendment protections against cruel and unusual punishment (in not providing a prisoner adequate medical treatment), *Carlson v. Green,* 446 U.S. 14, 19 (1980).  "These three cases— *Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."  *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017).  Outside of these three instances, "the Court has made clear that expanding the *Bivens* remedy is now a disfavored judicial activity."  *Id.* at 1857 (internal quotations omitted).  Therefore, *Bivens* actions have a much narrower scope than Section 1983 claims.

The Court first assesses Plaintiff's Section 1983 claim.  To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law."  *Burt v. CFG Health Sys*., No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).  As an initial matter, the Complaint indicates that Defendant is a federal official, not a state or local official.  *See* D.E. 1 at 3.  Nor does Plaintiff otherwise allege that Defendant was acting under color of state or territorial law when he allegedly deprived her of her constitutional rights.  Thus, Plaintiff does not state a

4

Section 1983 claim against Defendant.  *See Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("There is no liability under § 1983 for those not acting under color of law."); *see also Rosado v. Dickson*, Civ. No. 22-1274, 2022 WL 3029327, at *2 n.1 (D.N.J. Aug. 1, 2022) ("[A] plaintiff can only assert a *Bivens* claim against federal officials, not a Section 1983 claim."). Beyond this deficiency, Plaintiff also fails to show that Defendant deprived her of a federal right. The Complaint lists three instances of allegedly wrongful conduct, but it does not allege that Defendant was involved in the conduct.  *See id.* at 4.  Plaintiff's Section 1983 claim is not sufficiently pled.

As to the *Bivens* claim, the Complaint indicates that Defendant is being sued in only his official capacity as Director of the USCIS's Newark office.  *See* D.E. 1 at 2.  "An action against [federal] officials in their official capacities constitutes an action against the United States and *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver."  *Webb v. Desan*, 250 F. App'x 468, 471 (3d Cir. 2007) (citing *Corr. Servs.*, 534 U.S. at 72).  Plaintiff's *Bivens* claim fails on this ground.  Yet, even if the Court considered Plaintiff's *Bivens* claim as against Defendant in his individual capacity, the Supreme Court has only approved a *Bivens* action for violations of the Fourth Amendment's search and seizure protections, the Fifth Amendment's due process protections, and the Eighth Amendment's protections against cruel and unusual punishment.  Thus, the Court does not consider Plaintiff's Fourteenth Amendment claim.

Plaintiff alleges, without further detail, that her Fifth Amendment rights were violated.  *See* D.E. 1 at 3.  The Fifth Amendment protects against the deprivation of life, liberty, or property, without due process of law.  U.S. Const. amend V.  "[T]he Due Process Clause of the Fifth Amendment forbids the Federal Government to deny equal protection of the laws."  *Davis v. Passman*, 442 U.S. 228, 234 (1979).  Here, Plaintiff fails to allege plausibly how she was denied

equal protection of the laws or otherwise deprived of due process.  Moreover, Plaintiff does not allege that Defendant engaged in any of the allegedly wrongful behavior that infringed upon her Fifth Amendment rights.  Therefore, Plaintiff fails to plausibly plead a Fifth Amendment claim.

Plaintiff also appears to bring an Eighth Amendment claim for "cruel and unusual treatment[.]"  D.E. 1 at 3.  The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes.  *Rhodes v. Chapman*, 452 U.S. 337, 344-46 (1981).  Plaintiff has not alleged that she has been convicted of a crime or otherwise alleged how she is entitled to the protection of the Eighth Amendment's prohibition against cruel and unusual punishment.  Further, Plaintiff does not provide any detail as to how Defendant allegedly subjected her to cruel and unusual treatment.  Without more, Plaintiff fails to state a plausible Eighth Amendment claim.  In sum, Plaintiff has not sufficiently alleged a *Bivens* claim predicated upon the alleged violations of her Fifth Amendment and Eighth Amendment rights, and accordingly, her *Bivens* claim is also dismissed.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002).  The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile.  *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984).  Because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with an opportunity to file an amended complaint.  Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies set forth herein.  If Plaintiff does not submit an amended

complaint curing these deficiencies within thirty (30) days, Plaintiff's claims will be dismissed with prejudice.

Accordingly, and for good cause shown,

IT IS on this 25th day of August 2022,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies noted above.  Failure to file an amended complaint within this time will result in the matter being dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail.

_____
John Michael Vazquez, U.S.D.J.