UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANGELINA OKWUEGO,

    *Plaintiff*,

v.

PAULO CORREIA,

    *Defendant.*

Civil Action No. 22-03635

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

This matter is brought before the Court on *pro se* Plaintiff Angelina Okweugo's appeal of an Order issued by United States Magistrate Judge José R. Almonte. D.E. 30. On June 26, 2023, Magistrate Judge Almonte issued a routine order pursuant to L. Civ. R. 16.1 setting an initial scheduling conference, ordering the parties to comply with their Rule 26 disclosure obligations, directing the parties to meet and confer pursuant to Rule 26(f), and ordering the parties to submit a Joint Discovery Plan. D.E. 29. The next day, Plaintiff filed the present motion appealing Magistrate Judge Almonte's order. D.E. 30. Defendant opposed the motion. D.E. 33. Plaintiff did not file a reply brief.

Plaintiff first argues that L. Civ. R. 16.1 requires that the District Judge issue the order as opposed to the Magistrate Judge. D.E. 30 at 1. The Local Civil Rule states that "[c]onferences pursuant to Fed. R. Civ. P. 16 shall be conducted, in the first instance, by the Magistrate Judge, unless the District Judge otherwise directs." L. Civ. R. 16.1. The Local Civil Rules also grant Magistrate Judges authority over civil case management, including the authority to "conduct scheduling conferences and enter scheduling orders in accordance with Fed. R. Civ. P. 16 in all

civil cases" with exceptions not relevant here. L. Civ. R. 72.1(a)(3)(C). Thus, Plaintiff's argument that Magistrate Judge Almonte lacked authority to issue the order fails.

Plaintiff also argues that she "has not voluntarily consent[ed] to proceed with the [M]agistrate [J]udge Almonte under 28 U.S.C. 636(C) so the order of the [M]agistrate [J]udge violates [P]laintiff['s] due process." D.E. 30 at 1. However, 28 U.S.C. § 636(b)(1)(A) permits a district judge to "designate a magistrate judge to hear and determine any pretrial matter pending before the court" with some exceptions not relevant here. Pursuant to L. Civ. R. 16.1, Magistrate Judge's in this District have been designated to conduct conferences pursuant to Fed. R. Civ. P. 16, and thus may enter an order to facilitate such authority. Plaintiff's consent is not necessary for this non-dispositive, pre-trial matter. This argument also falls short.

Plaintiff next argues that the Court "must recuse the presence of [M]agistrate [J]udge Almonte from this case immediately because he is a former United [S]tate[s] [A]ttorney working for the [J]ustice [D]epartment for over 7 years." D.E. 30 at 1. Plaintiff further claims that "[t]his is a clear conflict of interest" and a "constitutional due process right violation." *Id.* at 1-3. Federal law requires that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *Allen v. Parkland Sch. Dist.*, 230 F. App'x 189, 193 (3d Cir. 2007) (citation and internal quotation marks omitted). The statute requires a federal judge or magistrate judge to "disqualify *himself*," in certain circumstances, and does not, by its terms, authorize a district judge to disqualify a magistrate judge.

28 U.S.C. § 455(a). Thus, the motion is denied insofar as it requests that the undersigned disqualify Magistrate Judge Almonte.[1]

Moreover, even if the Court had the authority to disqualify a Magistrate Judge, the only basis that Plaintiff presents for Magistrate Judge Almonte's recusal is that he was formerly an Assistant United States Attorney, and the United States Attorney's Office represents Defendant Correia. However, both District Judges and Magistrate Judges who have served as Assistant United States Attorneys routinely preside over matters involving their former office/department and, without more, the Court finds that no reasonable person would conclude that Judge Almonte's impartiality is in question in this matter. *See United States v. Di Pasquale*, 864 F.2d 271, 279 (3d Cir. 1988) (holding that recusal was "not mandated" under §455(a) where the trial judge was a former Assistant United States Attorney and the party seeking disqualification did not show "that the district judge had prior involvement in the prosecution of his case, or that she had any improper connection with the defendants, prosecutors, witnesses or any one else involve with this trial").

Federal law provides that a federal justice, judge, or magistrate judge "shall disqualify himself . . . [w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3). There is no indication that Magistrate Judge Almonte participated in this matter in any way while he was an Assistant United States Attorney. *See Di Pasquale*, 864 F.2d at 279 ("[A]bsent a *specific* showing that that judge was previously involved with a case while in the U.S. Attorney's office that he or

---

[1] 28 U.S.C. § 144 also governs recusal, but requires that the party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party[.]" Plaintiff has not filed such an affidavit, and thus recusal is not proper under this statute.

3

she is later assigned to preside over as a judge, § 455(b)(3) does not mandate recusal."). Indeed, this matter was not filed until after Magistrate Judge Almonte was appointed to his current position. Thus, there is no basis for Magistrate Judge Almonte's disqualification, and no basis for the Court to reverse his Rule 16.1 order.

Therefore, for the foregoing reasons, and for good cause shown,

IT IS on this 8th day of August 2023,

**ORDERED** that Plaintiff's appeal of Magistrate Judge Almonte's order, D.E. 30, is **DENIED**.

_____
John Michael Vazquez, U.S.D.J.