```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

```
ANGELINA OKWUEGO,

          Plaintiff,                Civil Action No. 22-3635
                                           (MEF)(JRA)
     v.
                                       OPINION and ORDER
PAULO CORREIA,


          Defendant.
```

I.   **Background**

    A.  **The Allegations**

    B.  **The Lawsuit**

    C.  **The Motion**

    D.  **The Court's Approach**

II.  **The Cause of Action**

III. **The Merits**

    A.  **Pleading Standards**

    B.  **Respondeat Superior**

    C.  **Knowledge and Acquiescence**

IV.  **Conclusion**

                                                \* \* \*

An applicant challenged the denial of an immigration-related petition she had filed.

She came to believe that the challenge was mishandled and sued a federal immigration official, alleging that he violated her constitutional rights.

The official moved to dismiss the complaint.

The motion is granted.

\* \* \*

## I. Background

### A. The Allegations

Angelina Okewuego filed a "Form I-130 (Petition for Alien Relative)" with the United States Citizenship and Immigration Services ("USCIS"). See Complaint at 6.

The USCIS denied the Form I-130 petition. See id. at 6 (referring to a Form I-130 "appeal"); id. at Exhibit 1 (August 2020 Form EOIR-29, challenging the decision on the Form I-130 petition); cf. Motion to Dismiss, Exhibit 1 (July 2020 USCIS decision).

Okewuego then filed a "Form EOIR-29 (Notice of Appeal)." See Complaint at 6; id. at Exhibit 1 (August 2020 Form EOIR-29). She filed this with the Board of Immigration Appeals ("BIA"). See id. at Exhibit 1 (August 2020 Form EOIR-29). By filing the Form EOIR-29, Okewuego was apparently seeking to challenge the USCIS denial of her initial Form I-130 petition.

The next day, the BIA returned the filing. Per the BIA: the challenge had to be filed with the USCIS. See id. at 6; id. at Exhibit 2 (August 2020 Appeal from a DHS/USCIS Officer's Decision).

Okewuego then filed a challenge of the denial of her petition with the USCIS. See id. at 6; id. Exhibit 3 (Receipt).

Okewugo says this paperwork was mishandled.

In particular, she alleges that a regional USCIS official "us[ed] [his] position and resources" to "unlawful[ly] seize[e]" the paperwork "without transferring the application to [the] BIA," and then "suppressed and blocked the appeal." Id. at 6-7.

### B. The Lawsuit

Based on the above allegations, Angelina Okewuego[1] sued a regional USCIS official.[2]

---

[1]  From here, the "Plaintiff."

[2]  Paulo Correia; from here, the "Defendant."

The complaint alleges violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.[3]

### C. The Motion

The Defendant has moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Defendant makes two arguments: (a) there is no cause of action here, see Motion to Dismiss at 9-19, and (b) even if there is a cause of action, the Plaintiff's claims fail. See id. at 19-24.

The motion is before the Court.

### D. The Court's Approach

The Court first explains that it may assume for purposes of this motion that there is a cause of action here. See Part II.

Doing so, the Court takes up the Plaintiff's constitutional claims and concludes they are meritless. See Part III.

Accordingly, the motion to dismiss is granted.

## II. The Cause of Action

The Plaintiff sued the Defendant, a federal employee, in his personal capacity[4] for violating her constitutional rights; she seeks money damages.

---

[3] Two procedural history notes. First, a prior complaint was filed and dismissed. See Opinion and Order (August 25, 2022). The Plaintiff then filed an amended complaint. See Amended Complaint (September 17, 2022). It is the amended complaint that is relevant in this Opinion. Second, there has been other litigation as to the Plaintiff's Form I-130 petition. See Onwuzulike v. Att'y Gen. United States, 2022 WL 412956, at *1 (3d Cir. Feb. 10, 2022), cert. denied sub nom. Onwuzulike v. Garland, 142 S. Ct. 2787 (2022).

[4] There was ambiguity as to whether the Plaintiff was suing the Defendant in his personal or official capacity. The Court sought clarification, and the Plaintiff confirmed a few weeks ago that she was suing the Defendant in his personal capacity. See Letter (July 19, 2024).

Such a lawsuit can go forward only if there is a cause of action. The United States Congress has not created one in this context.

But the Supreme Court established a cause of action in <u>Bivens</u> v. <u>Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971), and two subsequent cases. <u>See</u> <u>Carlson</u> v. <u>Green</u>, 446 U.S. 14 (1980); <u>Davis</u> v. <u>Passman</u>, 442 U.S. 228 (1979).

In a given case, a court may first decide if there is a <u>Bivens</u> cause of action. <u>See</u> <u>Bistrian</u> v. <u>Levi</u>, 912 F.3d 79, 88-89 (3d Cir. 2018) (cleaned up).

But that is not necessary. The Court can "resolve a case by demonstrating that a plaintiff would lose on the constitutional claim he raises, even if <u>Bivens</u> provided a remedy for that type of claim." <u>Id</u>. at 89; see <u>Hernandez</u> v. <u>Mesa</u>, 582 U.S. 548, 553–54 (2017) ("[D]isposing of a <u>Bivens</u> claim by resolving the constitutional question, while assuming the existence of a <u>Bivens</u> remedy - is appropriate in many cases."); <u>Ojo</u> v. <u>Luong</u>, 709 F. App'x 113, 118 n.5 (3d Cir. 2017) ("Neither we nor the United States Supreme Court appear to have addressed whether a Fifth Amendment claim may be asserted under <u>Bivens</u> in this precise context. We need not do so in this case because, as explained below, [the plaintiff] has not stated a valid claim that the agents violated his Fifth Amendment rights.").

In short: "[w]hether a cause of action exists is not a question of jurisdiction, and may be assumed without being decided." <u>Bistrian</u>, 912 F.3d at 89 n.15 (quoting <u>Air Courier Conference of Am.</u> v. <u>Am. Postal Workers Union AFL-CIO</u>, 498 U.S. 517, 523 n.3 (1991)).

Here, the Court assumes without deciding that a <u>Bivens</u> cause of action exists --- and takes up the Plaintiff's constitutional claims on the merits.

### III. **The Merits**

The Defendant argues that the motion to dismiss should be granted because (a) it does not meet the relevant pleading standards, <u>see</u> Motion to Dismiss at 21-22; and (b) it does not adequately allege the Defendant was personally involved in the claimed constitutional violations. <u>See</u> <u>id</u>. at 20-21.

4

### A. <u>Pleading Standards</u>

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 570 (2007); <u>see</u> <u>Gibney</u> v. <u>Fitzgibbon</u>, 547 F. App'x 111, 113 (3d Cir. 2013) ("[The plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief.").

To pass muster, a complaint must have "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678 (cleaned up). "Detailed factual allegations" are certainly not required, but "labels and conclusions" or "naked assertions devoid of further factual enhancement" are not enough. See <u>id</u>. (cleaned up).

The complaint here makes four accusations: the Defendant "used his position and resources" to unlawfully seize and suppress the Plaintiff's appeal without transferring it to the BIA, Complaint at 6 (cleaned up); he "used a vehicle to stop, suppress, and block" the appeal, <u>id</u>. at 7 (cleaned up); he "intentionally disrupted movement of the I-130 appeal application process . . . physically and electronically," <u>id</u>; and he was motivated in all this by "racial discrimination and hatred [of] [the] [P]laintiff['s] background." <u>Id</u>.

But some of these are essentially "bare assertions . . . amounting to nothing more than a formulaic recitation of the elements" of the Plaintiff's claims. <u>Iqbal</u>, 556 U.S. at 681; <u>see</u>, <u>e.g.</u>, Complaint at 6 (the Defendant "unlawful[ly] seiz[ed]" the paperwork); <u>id</u>. at 7 (the Defendant was "purely motivated by racial discrimination and hatred [of] [the] [P]laintiff['s] background").

These must be put to one side. Legal conclusions put forward as factual assertions are not sufficient. <u>See</u>, <u>e.g.</u>, <u>Connelly</u> v. <u>Lane Const. Corp.</u>, 809 F.3d 780, 789-90 (3d Cir. 2016); <u>Rajpurohit</u> v. <u>Becton, Dickinson, & Co.</u>, 2024 WL 1477652, at *7 (D.N.J. Apr. 5, 2024).

As to the allegations that are left: these are sparse and conclusory, such that the complaint cannot be said to plead a facially plausible basis for relief.

<u>First</u>, the Plaintiff says the Defendant "used his position and resources . . . to unlawfully seize" the paperwork associated with the Plaintiff's Form I-130 challenge. Complaint at 6 (cleaned up). But there is no information in the complaint as to how and when the Defendant allegedly did this.

<u>Second</u>, the complaint says the Defendant "used a vehicle" to "seize, stop, suppress, and block" the appeal. <u>See</u> <u>id</u>. at 7 (cleaned up). This reference to a vehicle is not followed up on. No information is provided as to what sort of vehicle was used or how that might have blocked the appeal.

So too with the Plaintiff's <u>third</u> allegation, that the Defendant "intentionally disrupted the movement of the [Form] I-130 appeal . . . physically and electronically." <u>Id</u>. If there was an electronic stumbling block put in the way of the appeal, that is not the subject of any further allegations in the complaint. As to alleged "physical" impediments, all the complaint says is that a vehicle was used. But that, as noted above, is too conclusory.

<u>Fourth</u> and finally, the Plaintiff contends that the Defendant was motivated throughout by "racial discrimination and hatred of the Plaintiff's background." <u>Id</u>. (cleaned up). But this is not fleshed out. There is, for example, no allegation that the Defendant knew anything in particular about the Plaintiff, said anything derogatory about her, or treated her differently than others.

Bottom line: the Plaintiff's allegations amount to little more than "the-defendant-unlawfully-harmed-me accusations." <u>See</u> <u>Iqbal</u>, 556 U.S. at 677-78. They are not enough to go on. They do not supply "enough facts" to plausibly suggest the Defendant committed a constitutional violation. <u>See</u> <u>Gibney</u>, 547 F. App'x at 112-13; <u>Schuylkill Energy Res., Inc.</u> v. <u>Pa. Power & Light Co.</u>, 113 F.3d 405, 417 (3d Cir. 1997); <u>Green</u> v. <u>Slaughter</u>, 2019 WL 4072978, at *4 (D.N.J. Aug. 29, 2019); <u>Harris</u> v. <u>Mercer Cnty. Cmty. Coll.</u>, 2019 WL 1508975, at *2 (D.N.J. Apr. 5, 2019); <u>Graves</u> v. <u>New Jersey</u>, 2018 WL 6514943, at *3 (D.N.J. Dec. 11, 2018); <u>Edelglass</u> v. <u>Ulta Salon, Cosms., Fragrance, Inc.</u>, 2018 WL 11593277, at *4 (D.N.J. July 17, 2018).

To be sure, the Plaintiff is proceeding <u>pro se</u>. Her pleading must be broadly construed, and the Court has done so. But "<u>pro se</u> litigants still must allege sufficient facts in their

6

complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (cleaned up).[5]

### B. Respondeat Superior

In light of the Plaintiff's pro se status, there is another possibility the Court will consider.

Namely, the Plaintiff might be seeking to argue that the Defendant is liable because he is a senior official in a federal government agency that itself violated her constitutional rights.

But in this context, such arguments are insufficient. See Iqbal, 556 U.S at 683 ("Unlike in Twombly, where the doctrine of respondeat superior could bind the corporate defendant, here, as we have noted, petitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic."); Weimer v. Cnty. of Fayette, Pa., 2023 WL 7221027, at *3 (3d Cir. Nov. 2, 2023) ("A government official is liable only for his own conduct --- respondeat superior or vicarious liability will not do."); Saisi v. Murray, 822 F. App'x 47, 48 (3d Cir. 2020) ("a director cannot be held liable simply because of his position as the head of the agency") (cleaned up); Evancho v. Fisher, 423 F.3d 347, 353-54 (3d Cir. 2005) (conclusion that a state attorney general "may have been somehow involved simply because of his position as the head of the Office of the Attorney General" amounted to an unreasonable inference, where the complaint failed to allege facts showing the attorney general's "personal involvement"); see also McCray v. Jones, 2022 WL 17485957, at *3 (3d Cir. Dec. 7, 2022) (holding a pleading was insufficient where complaint "fail[ed]

---

[5] In part because the Plaintiff is pro se, the Court will afford her an opportunity to replead. If an amended complaint is filed, and it is factually full enough, it still must be plausible. See Iqbal, 556 U.S. at 681 ("given more likely explanations, [the facts alleged] do not plausibly establish" the alleged claims). This might prove a high bar to clear. One "more likely explanation[]," see id., may be that the Plaintiff's challenge did not go forward because she did not properly follow the required procedures. See Motion to Dismiss, Exhibit 1 (July 2020 USCIS Decision); 8 C.F.R. § 103.2(b)(13)(i) and § 103.2(b)(15).

to identify any actions that [the defendant] or her office took concerning the [alleged constitutional violations]" other than identifying the defendant as the director of an agency).

This is because "a plaintiff must plead that [the] Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see also George v. Rehiel, 738 F.3d 562, 572 (3d Cir. 2013); Argueta v. U.S. Immigr. & Customs Enf't, 643 F.3d 60, 71 (3d Cir. 2011).

There are no allegations here of any personal involvement by the Defendant in any alleged agency efforts to impede consideration of the Plaintiff's challenge.

It is true that the Plaintiff alleges that the Defendant had the "position and resources" to do so.  Complaint at 6.  But that is just another way of saying the Defendant was a senior official. And that, standing alone, is not enough.

In addition, it bears noting a prior complaint alleged that the Defendant had signed the decision denying the Plaintiff's Form I-130 petition.  See Complaint (June 9, 2022).  But that allegation is not in the current complaint.  And in any event, signing a quasi-judicial opinion suggests nothing, standing alone, about personal involvement in an alleged effort to prevent the Plaintiff's challenge from being heard.

### C. Knowledge and Acquiescence

A final note.

In this context, liability could at least potentially be established on a Section 1983-derived theory that the Defendant "had knowledge of and acquiesced in his subordinates' violations." Adger v. Coupe, 2022 WL 777196, at *3 (3d Cir. Mar. 14, 2022); see also Argueta, 643 F.3d at 70.

But the Plaintiff, even taking into account her pro se status, has not raised any argument along these lines.

In addition, to the extent "knowledge and acquiescence" liability can work, the Plaintiff must still establish personal knowledge and acquiescence. Williams v. Papi, 714 F. App'x 128, 133-34 (3d Cir. 2017) (cleaned up).  None is alleged here.

## IV. Conclusion

The motion to dismiss is granted.[6]  An amended complaint may be filed.  The deadline for doing so is September 20, 2024.

                              * * *

It is on this 7th day of August, 2024 **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

[6] The motion is denied on the merits because the claims are not well plead.  But even if this were addressed, it is not clear that the Plaintiff could get over the qualified immunity hurdle here.  The Court has not found cases that suggest a "clearly established right" under the Fourth, Fifth, Eighth, or Fourteenth Amendments might be in play here.  See generally George, 738 F.3d at 572 ("[I]n order to overcome the defense of qualified immunity, [the plaintiff] must allege facts showing that the conduct of each individual federal defendant (1) violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct.") (cleaned up).

9